# IN THE DISTRICT COURT OF GUAM

JOHN RYAN,

    Plaintiff,

v.

DAFNE MANSAPIT-SHIMIZU in her official and individual capacities as the DIRECTOR OF THE GUAM DEPARTMENT OF REVENUE AND TAXATION, MARIE LIZAMA in her official and individual capacities as the DEPUTY DIRECTOR OF THE GUAM DEPARTMENT OF REVENUE AND TAXATION, and JOHN DOES 1-15,

    Defendants.

Case No. 1:23-cv-00015

**MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' REQUEST TO PRESENT WITNESS TESTIMONY AT ORAL ARGUMENT**

Currently pending before the Court is Plaintiff's Motion to Compel (ECF No. 50), which is set for oral argument to take place on September 30, 2025. (Notice, ECF No. 61.) After briefing was completed on the Motion to Compel (*see* Resp. to Mot. to Compel, ECF No. 51; Reply to Opp'n to Mot. to Compel, ECF No. 54), on August 22, 2025, Defendants filed a Request for Oral Argument on Plaintiff's Motion to Compel, in which they included a request for leave "to identify certain employees of the Department of Revenue and Taxation (DRT) and to call these employees as sworn witnesses to testify at the hearing," with the expected length of the testimony of such unnamed witnesses to "last no more than one (1) day, if that." (Defs.' Request for Oral Arg. on Pl.'s Mot. to Compel 1-2, ECF No. 60.) On September 12, 2025, the Court set a virtual status conference for September 16, 2025, to address Defendants' request for leave. (Notice of Hr'g,

1

ECF No. 62.) Shortly after notice of the status conference was issued, Plaintiff filed an Opposition to the Request to Call Witnesses. (Opp'n to Request, ECF No. 63.)

On September 16, 2025, the Court held the virtual status conference. Plaintiff's counsel Braddock J. Huesman, Esq., was present; Rebecca M.P. Copper, Esq., Principal Tax Attorney at DRT's Office of the Principal Income Tax Attorney and former counsel of record for Defendants, made a limited appearance on behalf of Defendants. (Mins., ECF No. 64.) The Court announced its inclination and reasoning. After hearing the responses briefly from the Parties on Defendants' request for leave, the Court orally denied Defendants' request to present witness testimony at oral argument. In view of the absence of Defendants' counsel of record from the virtual status conference and the issues noted at the same, the Court issues this order to memorialize its reasoning.

Defendants' request to present witness testimony is denied for two reasons. First, Defendants' request fails to comply with the Civil Local Rules of Practice. CVLR 7(k) provides that where a motion raises matters "where testimony must be heard or other evidence presented at a hearing," a party must state their request for an evidentiary hearing, along with the "the time required for the presentation of evidence and argument," in the party's first brief concerning the motion. CVLR 7(k)(1). In addition, "[i]f a motion, response or reply requires consideration of facts not appearing of record, the movant or opponent shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of or in opposition to the motion." *Id.* 7(b); *see also id.* 7(h) ("No further or supplemental brief shall be filed without leave of court."). Defendants failed to make their request for an evidentiary hearing in their original response to Plaintiff's Motion to Compel. Defendants also failed to reduce their proposed evidentiary presentation to a form accompanying their original response to the Motion to Compel.

The Court declines to grant Defendants' request because there is no legal, equitable, or factual basis to excuse Defendants' failures to comply with the Civil Local Rules and Practice or to permit Defendants to put on new evidence not previously disclosed during discovery or in the briefing on the Motion to Compel.

Second, Defendants' proposed evidentiary presentation is not relevant to the disposition of Plaintiff's Motion to Compel. Defendants' vague suggestions of the scope of witness testimony—apparently concerning the DRT's workings and procedures generally and in this case specifically—do not bear on whether the information Plaintiff sought through his discovery requests are within the scope of discovery and whether Defendants failed to respond to proper discovery requests. *See* Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment (explaining that use of "failure" throughout Fed. R. Civ. P. 37 refers to "simply a failure to comply," without any requirement of "wilfullness," and that "wilfullness was relevant only to the selection of sanctions, if any, to be imposed"). Insofar as Defendants seek to put on evidence to respond to Plaintiff's request for discovery sanctions pursuant to Fed. R. Civ. P. 37(b) (*see* Mot. to Compel 2 (requesting sanctions against Defendant Lizama "in her official capacity in an amount sufficient to deter similar behavior"); Defs.' Request for Oral Arg. 2 (citing threat of sanctions)), Plaintiff's request is premature because no order compelling discovery has been issued. *See* Fed. R. Civ. P. 37(b)(2) (requiring existence of "an order to provide or permit discovery" before any "further just orders" can issue); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) ("Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence[.]"). Therefore, Defendants' request is also denied on the ground that any presentation of evidence concerning the threat of sanctions is similarly premature.

As discussed at the hearing, the Parties will appear before the Court for oral argument on Plaintiff's Motion to Compel **on September 29, 2025, at 1:00 p.m.** The Court will not entertain any evidentiary presentation at oral argument. To the extent that the Parties are in communication with each other and may resolve certain of Plaintiff's discovery requests that are the subject of the Motion to Compel, Parties should be prepared to make representations concerning what requests remain outstanding and needing resolution by the Court. The Court further notes that while sanctions under Rule 37(b) cannot issue at this juncture, "reasonable expenses incurred" in either making or opposing the motion remain available. Fed. R. Civ. P. 37(a)(5). In addition, given the fact that the current DRT Director is Defendant Lizama and Defendant Mansapit-Shimizu remains a party in this action solely in her personal capacity, the Parties should take appropriate steps to indicate what updates to the case caption are necessary to reflect the status and capacities of the Defendants and counsel's ability to continue representing their clients.

IT IS SO ORDERED this 16th day of September, 2025.

_____
RAMONA V. MANGLONA
District Judge