**RAZZANO WALSH & TORRES, P.C.**
Pan American Building
139 Murray Blvd. Suite 100
Hagåtña, Guam 96910
Telephone: (671) 989-3009
Facsimile: (671) 989-8750
Electronic Service: eservice@rwtguam.com

*Attorneys for Plaintiff*
*John Ryan*

### IN THE UNITED STATES
### DISTRICT COURT OF GUAM

| | |
|---|---|
| **JOHN RYAN,**<br><br>        **Plaintiff,**<br><br>    vs.<br><br>**DAFNE MANSAPIT-SHIMIZU** in her official and individual capacities as the **DIRECTOR OF THE GUAM DEPARTMENT OF REVENUE AND TAXATION, MARIE LIZAMA** in her official and individual capacities as the **DEPUTY DIRECTOR OF THE GUAM DEPARTMENT OF REVENUE AND TAXATION, EVELYN VILLAPANDO,** in her official capacity and individual capacities and **JOHN DOES 1-15,**<br><br>        **Defendants**. | **CASE NO. 23-cv-00015**<br><br>**ERRATA RE: MOTION TO MODIFY THE SCHEDULE** |

On October 31, 2025, the undersigned filed a Motion to Modify the Schedule as ECF 80.

The undersigned mistakenly uploaded the wrong pdf into the ECF system. Attached hereto is the corrected filing. The undersigned apologizes to the Court and the parties for the error.

Respectfully Submitted this Thursday, November 6, 2025.

By: */s Braddock J. Huesman*
Braddock J. Huesman
**RAZZANO WALSH & TORRES, P.C.**
*Counsel for Plaintiff.*

### CERTIFICATE OF SERVICE

I certify that on Thursday, November 6, 2025, United States Central Time, I electronically filed the foregoing which is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: */s Braddock J. Huesman*
Braddock J. Huesman

**RAZZANO WALSH & TORRES, P.C.**
Pan American Building
139 Murray Blvd. Suite 100
Hagåtña, Guam 96910
Telephone: (671) 989-3009
Facsimile: (671) 989-8750
Electronic Service: eservice@rwtguam.com

*Attorneys for Plaintiff*
*John Ryan*

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| **JOHN RYAN,**<br><br>　　　　**Plaintiff,**<br><br>　　　　vs.<br><br>**DAFNE MANSAPIT-SHIMIZU** in her official and individual capacities as the **DIRECTOR OF THE GUAM DEPARTMENT OF REVENUE AND TAXATION, MARIE LIZAMA** in her official and individual capacities as the **DEPUTY DIRECTOR OF THE GUAM DEPARTMENT OF REVENUE AND TAXATION, EVELYN VILLAPANDO,** in her official capacity and individual capacities and **JOHN DOES 1-15,**<br><br>　　　　**Defendants**. | **CASE NO. 23-cv-00015**<br><br>**MOTION TO MODIFY THE SCHEDULE** |

## MOTION

Mr. John Ryan, ("Mr. Ryan") under Fed. R. Civ. P. ("Rule" or "Rules") 16(b)(4) moves this Court to modify the existing Second Amended Scheduling and Planning Order ("Motion"), filed as ECF 58 on July 28, 2025 ("Schedule").

## STANDARD

Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." The good cause standard considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*, *citing* Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*.

## FACTS

The Ninth Circuit remanded this case after an interlocutory appeal on qualified immunity. *Ryan v. Mansapit-Shimizu*, No. 24-4522, 2025 WL 1752135, at *2 (9th Cir. June 25, 2025). On February 19, 2025, while discovery was technically ongoing and during the appeal, Mr. Ryan moved to Compel, ECF 50. The Court scheduled the motion for argument on September 29, 2025, ECF 64. The DRT Defendants filed a Notice of Potential Judicial Conflict, ECF 66, and a Declaration of Counsel, ECF 67, on September 25, 2025. On September 29, 2025, the parties appeared, and the Court issued an order to the parties to supplement the filed papers in this matter, including Mr. Ryan's supplemental brief (including, but not limited to, addressing the DRT

Defendants' argument that the Ninth Circuit Opinion could prevent Mr. Ryan from engaging in any of the requested discovery) due October 7, 2025. ECF 71. The DRT Defendants' supplemental response brief was then due October 14, 2025, ECF 73, Mr. Ryan's supplemental reply was due October 17, 2025. ECF 77. The DRT Defendants' formal Motion for Recusal with supporting declarations was due October 3, 2025. ECF 70, 70.1-3. Mr. Ryan's opposition was due October 10, 2025, ECF 72, and the DRT Defendants' Reply was due October 15, 2025. ECF 75. The Court held a hearing on both motions on October 21, 2025. The DRT Defendants also filed a "Renewed Motion to Dismiss" as part of their ECF 73 filing, but the DRT Defendants formally withdrew it. ECF 79.

The Motion for Recusal was denied, and the Motion to Compel was granted from the bench in part on October 21, 2025, ECF 78, and the parties believe a written decision (that may itself extend these dates and make this motion moot) will be forthcoming. ECF 78.

The DRT Defendants did provide some discovery three business days before the hearing on the first Motion to Compel, or September 24, 2025, but Mr. Ryan continues to await further discovery. See ECF 71.

Put differently, not much has changed since the last time Mr. Ryan asked to extend discovery. Mr. Ryan continues to be in a similar predicament: without full discovery, Mr. Ryan has not been able to move forward with depositions or third-party discovery to move the case forward. Thus, Mr. Ryan asks that the Court extend all open

due dates in the Schedule by at least four months so that Mr. Ryan may fairly pursue Discovery, amend his complaint and add defendants if needed.

Mr. Ryan believes a stipulation from the parties will be forthcoming but wanted to re-alert the court to the issue and make the request before discovery closed on any items.

## ARGUMENT

The DRT Defendants' resistance to discovery necessary for the progression of this case is a matter of record. This resistance led to a motion to compel, ECF 50, which this Court granted in part after argument on October 21, 2025. ECF 78. The Court has provided an additional thirty days for the DRT Defendants to produce. ECF 78. Without Discovery from the DRT Defendants, the case has been at a standstill, thereby justifying an extension of the case deadlines (with time running from the date discovery is due per the Court's most recent order).

## CONCLUSION

For the above reasons, Mr. Ryan requests this court extend all open deadlines in the Schedule for four months in all regards (with time running from the date discovery is due per the Court's most recent order) so that Mr. Ryan can fairly pursue this case.

Respectfully Submitted this Friday, October 31, 2025.

By: */s Braddock J. Huesman*
Braddock J. Huesman
**RAZZANO WALSH & TORRES, P.C.**
*Counsel for Plaintiff.*

## Certificate of Service

I certify that on Friday, October 31, 2025, United States Central Time, I electronically filed the foregoing which is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: */s Braddock J. Huesman*
Braddock J. Huesman