# IN THE DISTRICT COURT OF GUAM

JOHN RYAN,

    Plaintiff,

v.

DAFNE MANSAPIT-SHIMIZU in her official and individual capacities as the DIRECTOR OF THE GUAM DEPARTMENT OF REVENUE AND TAXATION, MARIE LIZAMA in her official and individual capacities as the DEPUTY DIRECTOR OF THE GUAM DEPARTMENT OF REVENUE AND TAXATION, and JOHN DOES 1-15,

    Defendants.

Case No. 1:23-cv-00015

**DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Before the Court is Plaintiff John Ryan's Motion for Attorneys' Fees Under Rule 37, CVLR 54(c) and GNLR 2.1 ("Plaintiff's Motion," ECF No. 85), and supporting Declarations (Decl. of Braddock J. Huesman [hereinafter "Huesman Decl."], ECF No. 85-1; Decl. of Deborah E. Fisher [hereinafter "Fisher Decl."], ECF No. 85-2). Therein, Plaintiff moves for attorneys' fees and costs, and entry of judgment for the same against current Director of the Guam Department of Revenue and Taxation Defendant Marie Lizama in her official capacity, in view of the Court's granting Plaintiff's Motion to Compel Discovery. (Pl.'s Mot. 2, ECF No. 85.) Defendants Dafne Mansapit-Shimizu and Marie Lizama timely filed a Response to Motion for Attorneys Fees (ECF No. 88), in which Defendants seek a substantial reduction in Plaintiff's claimed fees and costs, to which Plaintiff filed a Reply (ECF No. 89).

Having reviewed the briefs and the record and considered the arguments of counsel and the applicable law, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorneys' Fees. Defendant Lizama is liable to Plaintiff in her official capacity in the amount of $41,485.50 and shall pay Plaintiff the full amount within thirty days of entry of this order.

## I. LEGAL STANDARD

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Under Rule 37(a)(5) of the Federal Rules of Civil Procedure, a movant who obtains an order compelling disclosure or discovery may be compensated for the "reasonable expenses for the motion" seeking disclosure or discovery:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.
>
> [. . .]
>
> **(C)** *If the Motion Is Granted in Part and Denied in Part*. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving

an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5)(A), (C). *See also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) (explaining that discovery fee-shifting is part of larger design of rules intended to "deter the abuse implicit in carrying or forcing a discovery dispute to the court when no genuine dispute exists" (quoting Fed. R. Civ. P. 37(a)(4)[1] advisory committee's note to 1970 amendment)).

"[T]he definition of what is a reasonable fee applies uniformly to all federal fee-shifting statutes[.]" *Anderson v. Dir., Off. of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Calculation of a reasonable award "usually involves a two-step process":

> First, the court must calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. [*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).] Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the [factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975),] that are not already subsumed in the initial lodestar calculation. [*Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996).]

*Fischer v. SJB-P.D. Inc*, 214 F.3d 1115, 1119 (9th Cir. 2000) (footnotes omitted); *see also Kerr*, 526 F.2d at 70 (listing twelve factors for consideration: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the

---

[1] "The provisions of former Rule 37(a)(4) are now codified in Rule 37(a)(5)." *Marrocco v. Hill*, 291 F.R.D. 586, 590 n.7 (D. Nev. 2013).

nature and length of the professional relationship with the client, and (12) awards in similar cases"); *Morales*, 96 F.3d at 364 n.4 (explaining that *Kerr* factors (1), (2), (3), (4), and (5) are "presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation"). "There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" *Morales*, 96 F.3d at 363 n.8 (quoting *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994)).

In exercising its "great deal of discretion in determining the reasonableness of the fee[,]" the district court should exclude "hours that are excessive, redundant, or otherwise unnecessary" and provide a "concise but clear" explanation for how it arrives at an award amount. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992); *see also Carter v. Caleb Brett LLC*, 757 F.3d 866, 868-69 (9th Cir. 2014) (while district court need not engage in detailed calculations, district court must still provide sufficient, specific explanation such that appellate court may engage in meaningful review of award, especially where award reflects a substantial departure from the movant's request). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked[,]" while "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397; *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Likewise, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Camacho v.*

*Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). At bottom, "[t]he burden is not for the court to justify each dollar or hour deducted from the total submitted by counsel. It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986).

## II. ANALYSIS

Plaintiff seeks $46,095.00 in reasonable expenses, to be reduced to judgment and made payable within fourteen days, reflecting a lodestar amount of $46,445.00 less a one-hour reduction of $350.00. (Pl.'s Mot. 6-11; Pl.'s Reply 1-2, 13, ECF No. 89.) Plaintiff bases his request on a reasonable hourly rate of $350.00 for each of his two attorneys, with Mr. Huesman expending 87.5 hours and Ms. Fisher expending 45.3 hours. (Pl.'s Mot. 8-10; Huesman Decl. ¶ 25, ECF No. 85-1; Fisher Decl. ¶ 10, ECF No. 85-2; Huesman Decl., Ex. A (billing entries); *see also* Pl.'s Reply 13 (withdrawing one-hour billing entry dated February 2, 2025, because the entry "is ambiguous").) Plaintiff expected to supplement his request with the bills and work to draft the fee application (Pl.'s Mot. 9 n.6) and ultimately seeks fees for twenty hours of work related to preparing his instant application for fees in his Reply (Pl.'s Reply 13 n.6.).

In response, Defendants first indicate that they do not object to the "lodestar rate" of $350.00 for both of Plaintiff's attorneys. (Defs.' Resp. 2, ECF No. 88.) Defendants, however, contend that Plaintiff's award should be reduced because (1) Plaintiff is not a prevailing party because there is no enforceable judgment against Defendants (*id.* at 2); (2) the Court did not compel Defendants to respond to all of Plaintiff's discovery requests, thus establishing that Defendants' "nondisclosures were substantially justified" (*id.* at 2-5); (3) as to the requests to which the Court ordered responses, awarding Plaintiff's full fee request would be "unjust" in view

5

Case 1:23-cv-00015   Document 94   Filed 02/13/26   Page 5 of 17

1 | of Defendants' having responded prior to the hearings and decision on Plaintiff's Motion to
2 | Compel (*id.*); and (4) Plaintiff's claimed hours are unreasonable as they include time spent on
3 | matters "unrelated to the Motion to Compel" and reflect duplicative billing (*id.* at 5-6). Defendants
4 | accordingly propose a reduction of Plaintiff's claimed award by at least 50 percent. (*Id.* at 7.)

In reply, Plaintiff contends that (1) Defendants ignore that Plaintiff is entitled to an award under Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure (Pl.'s Reply 4); (2) Plaintiff is entitled to an overwhelming majority of his claimed fees in view of his prevailing on the overwhelming majority of his identified discovery requests (*id.* at 5-10); and (3) Defendants' challenges to the reasonableness of Plaintiff's requested hours are unsupported by any specific objections to Plaintiff's attorneys' billing entries, belied by Defendants' own conduct that drove up the cost of litigation, and contradicted by the terms of the Court's order granting in part Plaintiff's Motion to Compel (*id.* at 10-13).

Before turning to the calculation of the award amount, the Court first addresses Defendants' challenges to Plaintiff's eligibility to recover expenses. The Court then concludes by setting forth the terms of the award and addressing Plaintiff's requests concerning the form and parties subject to the award.

**A. Plaintiff's Eligibility for Award**

The Court rejects Defendants' challenges to Plaintiff's eligibility for an award because Defendants' challenges are not supported by law or fact.

First, as to Defendants' assertion that Plaintiff is not a prevailing party because he has not obtained an enforceable judgment against Defendants, Defendants' assertion ignores the plain language of the applicable rule authorizing an award of expenses to a party who prevails, in whole or in part, on a motion for an order compelling discovery. *See* Fed. R. Civ. P. 37(a)(5)(A), (C). In

other words, Plaintiff need not obtain a judgment to be eligible for an interlocutory award arising from an interlocutory order resolving an interlocutory discovery dispute in his favor; once the discovery order in his favor issued, he is eligible for an award of expenses. Defendants' reliance on Rule 54(d)(2)(B)(ii) of the Federal Rules of Civil Procedure and related cases discussing post-judgment fee awards is wholly misplaced and borders on frivolity, *cf.* Fed. R. Civ. P. 11(b)(2), especially in view of the Court's previous citation to the exact governing rule provision (*see* Mem. Decision Den. Defs.' Mot. for Jud. Disqualification & Granting in Part Pl.'s Mot. to Compel 31 [hereinafter "11/06/25 D&O"], ECF No. 82), the straightforward language of the rule, and the countless decisions—if not hornbook civil procedure—applying the rule to award expenses without any need for a judgment.

Second, as to Defendants' challenge based on the Court's denying some of Plaintiff's identified discovery requests, Defendants are correct that the Court only compelled Defendants to respond to six of twelve identified interrogatories and seventeen of twenty identified requests for production of documents. (*See* 11/06/25 D&O 21-31.) But Defendants offer no substantive arguments as to why Plaintiff's success on the majority of his identified requests warrants an outright denial of an award. *Cf. also Fischer*, 214 F.3d at 1119 ("The Supreme Court . . . has made clear that the 'prevailing party inquiry does not turn on the magnitude of the relief obtained.'" (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992))). Insofar as Plaintiff's claimed award amount should be reduced, the Court addresses the reduction *infra* in the next sections concerning the Court's calculation of the award.

Third, as to Defendants' assertion that an award would be unjust in view of Defendants' responding to certain of Plaintiff's identified requests prior to the hearing and decision on Plaintiff's Motion to Compel, Defendants' assertion contradicts the plain language of the rule. *See*

Fed. R. Civ. P. 37(a)(5)(A) (payment of reasonable expenses available where "the disclosure or requested discovery *is provided after the motion was filed*" (emphasis added)); *RG Abrams Ins. v. Law Offs. of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2021 WL 8895081, at *8 (C.D. Cal. Dec. 15, 2021) (collecting cases noting that only difference between Fed. R. Civ. P. 37(a)(5)(A) and (C) is that award is discretionary under latter provision, but analysis for award is the same across both provisions); *see also Harkless v. Pac. Power & Light*, No. 2:18-CV-2903-TLN-DMC, 2020 WL 1139499, at *2 (E.D. Cal. Mar. 9, 2020) ("Under the spirit of [Rule 37(a)(5)], the moving party is entitled to recover its expenses where it is forced to file a discovery motion in order to obtain discovery."). In addition, as Plaintiff correctly notes, Defendants' belated disclosures are not excused by the pendency of Defendants' interlocutory appeal on the issue of qualified immunity because Plaintiff's discovery requests were otherwise related to "aspects of the case that [were] not the subject of the appeal," *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002),[2] and Defendants never obtained a stay on discovery (or proceedings more generally), *see Infazon v. Allstate Ins. Co.*, 335 F.R.D. 305, 312 (C.D. Cal. 2020) (Federal Rules do not provide for blanket or automatic stays of discovery when potentially dispositive motions are pending); *Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result." (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926))). Furthermore, Defendants' assertion ignores fundamental principles underlying the conduct of discovery and judicial resolution of discovery disputes generally. *See Big City Dynasty*, 336 F.R.D. at 513 (discovery rules provide for fee-shifting to deter meritless discovery disputes); *Infazon*, 335 F.R.D. at 312 (even if dispositive motion is ultimately granted and potentially moots certain

---

[2] *See also Cousins v. Lockyer*, 568 F.3d 1063, 1072 (9th Cir. 2009) ("[Q]ualified immunity is a doctrine of *federal* common law and, as such, has no application to [plaintiff's] *state* claims, which are subject only to *state* statutory immunities.").

discovery requests, thus "mitigat[ing] the overriding prejudice" to the proponent of the discovery requests, "it does not erase the stain of the discovery abuse in the first place"); *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 209 (1999) ("Rule 37(a) . . . was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process."); *G-K Props. v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978) ("Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.").

Fourth, as to Defendants' arguments about the reasonableness of Plaintiff's claimed hours, such arguments bear only on the possibility of reducing Plaintiff's award and not on Plaintiff's eligibility for an award. As with Defendants' challenge based on Plaintiff's partial success, the Court addresses the reduction in the next sections concerning the Court's calculation of the award.

**B. Calculation of Award[3]**

The Court first calculates the reasonable hourly rate for Plaintiff's counsel before calculating the reasonable number of hours expended on Plaintiff's Motion to Compel and addressing Defendants' arguments in favor of a reduction. The Court then addresses whether further adjustments to the lodestar figure are appropriate.

//

//

---

[3] The Court denies without prejudice Plaintiff's request for "fees-on-fees" because Plaintiff's claim of twenty hours spent on preparing his Motion for Attorneys' Fees is not supported by any evidentiary materials. *See also Camacho*, 523 F.3d at 981 (explaining that "fees-on-fees" is generally available because "it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee" (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985))).

9

1. **Reasonable Hourly Rate**

The Parties do not dispute Plaintiff's claimed reasonable hourly rate of $350.00 for his two attorneys. The Court is also satisfied that $350.00 per hour is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho*, 523 F.3d at 980 (quoting *Blum*, 465 U.S. at 895 n.11). (*See* Huesman Decl. ¶¶ 2-7 (describing experience and selection of hourly rate); Fisher Decl. ¶¶ 2-5 (same); Pl.'s Mot. 7-8 (citing *Paeste v. Guam*, No. 11-00008-CBM, 2013 WL 6254669 (D. Guam Dec. 3, 2013) (reasonable hourly rate of $350.00 for similarly experienced attorneys), and *RSA-Tumon, LLC v. Pitt Cnty. Mem'l Hosp.*, No. 20-00025, 2021 WL 2828713 (D. Guam. July 7, 2021) (reasonable hourly rates of $195, $200, and $300 fell within prior decisions finding that $250 and $350 rates were reasonable)).)

2. **Reasonable Hours**

Plaintiff claims 86.5 hours for Mr. Huesman and 45.3 hours for Ms. Fisher, in addition to twenty hours for preparing Plaintiff's instant Motion for Attorneys' Fees. (Pl.'s Mot. 8-10; Huesman Decl. ¶ 25; Fisher Decl. ¶ 10; Huesman Decl., Ex. A; Pl.'s Reply 13.) Defendants object to hours billed for work "unrelated" to Plaintiff's Motion to Compel, namely, briefing opposing Defendants' Motion for Judicial Disqualification and in response to the Court's call for supplemental briefing. (Defs.' Resp. 5.) Defendants further assert that Ms. Fisher's billing is duplicative because"[t]he fact that Plaintiff has two attorneys does not mean that there is a need for two attorneys to bill on a single motion to compel or that it is reasonable to pay twice for that same motion." (*Id.* at 6.) In addition, Defendants contend that Plaintiff's award should be reduced to reflect Plaintiff's limited success. (*Id.* at 2-5.)

As a starting matter, the Court agrees with Defendants in principle that Plaintiff is not eligible to recover expenses for work relating to Defendants' Motion for Judicial Disqualification. While the substance and timing of Defendants' Motion for Judicial Disqualification appear to have been triggered, in part, by Defendants' own delays in conducting and producing discovery (*see* 11/06/25 D&O 11 n.11 (discussing timeliness of Defendants' Motion for Judicial Disqualification)), the work on Defendants' Motion for Judicial Disqualification, properly understood, falls outside of Plaintiff's "reasonable expenses incurred in making" his Motion to Compel, Fed. R. Civ. P. 37(a)(5)(A), because Defendants' Motion concerned issues separate and distinct from the discovery disputes identified in Plaintiff's Motion to Compel. A careful review of Plaintiff's attorneys' billing entries, however, reveals that Plaintiff's attorneys did not include entries for preparation of Plaintiff's filings concerning Defendants' Motion for Judicial Disqualification. Instead, the only mention of Defendants' Motion for Judicial Disqualification is in the entries reflecting the time Plaintiff's attorneys spent in appearing before the Court to present oral argument on all motions pending before the Court—*i.e.*, Plaintiff's Motion to Compel *and* Defendants' Notice of Potential Judicial Conflict and Motion for Judicial Disqualification. (*See* Huesman Decl., Ex. A, at 8 (Mr. Huesman's entries dated September 28, 2025, and October 20, 2025); *id.* at 11 (Ms. Fisher's entries dated September 28, 2025, and October 20, 2025).) As Plaintiff's attorneys would have had to appear before the Court for those hearings regardless of whether Defendants had filed their Motion for Judicial Disqualification, and Plaintiff's claimed hours for appearing at the hearings are reasonable, the Court declines to strike or otherwise modify[4]

---

[4] As the hearings addressed Plaintiff's Motion to Compel alongside Defendants' Motion for Judicial Disqualification, portions of the hearing would concern only Defendants' Motion. (Alternatively, had Defendants not filed their Motion, the recoverable hours potentially would have been less as the hearings may not have run as long.) The Court, however, declines to further parse Plaintiff's attorneys' entries for the hours expended at the hearings to isolate the time specifically spent on arguments concerning Plaintiff's Motion to Compel. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve

the entries for the hours expended in attending the hearings.  (*See also* 11/06/25 D&O 31-32 (finding Plaintiff was entitled to fees and costs for preparing and appearing for, *inter alia*, the September and October 2025 hearings).)

As to Defendants' challenge to Plaintiff's recovering expenses related to the Court's call for supplemental briefing, the Court rejects Defendants' challenge.  The Court's call for supplemental briefing was triggered by Defendants' assertion that the Ninth Circuit's decision on interlocutory appeal foreclosed Plaintiff from seeking discovery—including prevailing on his Motion to Compel.  (*See id.* at 6.)  As such, Plaintiff's attorneys' supplemental briefing work is fairly understood as being a part of the recoverable time and expense in preparing, arguing, and defending Plaintiff's Motion to Compel.  *See* Fed. R. Civ. P. 37(a)(5)(A) (recoverable expenses consist of "reasonable expenses incurred in making the motion"); *Marrocco v. Hill*, 291 F.R.D. 586, 589-90 (D. Nev. 2013) (explaining that Rule 37(a)'s fee-shifting provision encompasses not only "the original motion to compel," but also subsequent motions practice concerning objections to an order granting the original motion to compel).  The Court declines to exclude entries for the hours expended in preparing filings in response to the Court's call for supplemental briefing.

As to Defendants' assertion that Ms. Fisher's billing is duplicative, Defendants fail to set forth any substantive discussion on why Ms. Fisher's work qualifies as non-recoverable overstaffing or is otherwise unreasonable.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) (party opposing fee award must "come up with specific reasons for reducing the fee request"); *Gates*, 987 F.2d at 1397-98 ("burden of rebuttal . . . requires submission of evidence"); *see also United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are

---

auditing perfection.  So trial courts . . . may use estimates in calculating and allocating an attorney's time."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).

deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (citations omitted)). Furthermore, the Court finds that Ms. Fisher's entries are recoverable and reasonable in view of the protracted nature and considerable scope of the discovery dispute, Defendants' own largely unjustified conduct in resisting discovery, and the complex nature of the task of ascertaining what portions of the case—and, consequently, what portions of Plaintiff's November 2024 discovery requests—survived the Ninth Circuit's decision on interlocutory appeal. *See Moreno*, 534 F.3d at 1112 (noting that some level of necessary duplication of legal work is "inherent part of the process" of "litigating over time" as legal work product grows stale over the course of extended litigation); *Kerr*, 526 F.2d at 70 (listing "novelty and difficulty of the questions involved" and "the amount [of fees] involved and the results obtained" among factors for consideration in awarding fees).

As to Defendants' arguments for a reduction based on Plaintiff's limited success, the Court agrees that a reduction is appropriate, *see Kerr*, 526 F.2d at 70 (listing "results obtained" as factor for consideration); *Hensley*, 461 U.S. at 436 ("That the plaintiff is a 'prevailing party' . . . may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved."), but rejects Defendants' proposed reduction of at least 50 percent.[5] As the Parties note, Plaintiff succeeded in obtaining relief as to twenty-three of the thirty-two discovery requests—72 percent—identified in Plaintiff's Motion to Compel. (*See* 11/06/25 D&O 21-31.) Case law

---

[5] Although the Parties essentially suggest that any reduction based on Plaintiff's partial success should be assessed after calculating the lodestar figure, the Ninth Circuit has explained that "[s]ince consideration of limited success is presumably 'subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate,' district courts should not ordinarily make a separate adjustment for limited success." *Corder v. Gates*, 947 F.2d 374, 378 (9th Cir. 1991) (quoting *Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988)). As such, the Parties' suggested method "is disfavored." *Id.* The Court will instead account for Plaintiff's partial success by reducing Plaintiff's claimed hours before calculating the lodestar figure. *See also Gates*, 987 F.2d at 1404; *Morales*, 96 F.3d at 363 n.8.

suggests two general methods for accounting for partial success: (1) reducing the number of hours "mechanically on the basis of [Plaintiff's] success or failure on particular issues," *Hensley*, 461 U.S. at 438 (footnote omitted); *see, e.g.*, *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-2422-MMD-NJK, 2018 WL 1170925, at *2 (D. Nev. Apr. 30, 2018) (twelve discovery disputes; award reduced by 25 percent to reflect movant's total success on eight disputes and partial success on two disputes); or (2) reducing the number of hours based upon a qualitative assessment of "the relationship between the extent of success and the amount of the fee award," *Hensley*, 461 U.S. at 438; *see, e.g.*, *Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5324787, at *3 (D. Nev. Sept. 20, 2013) ("As the motion was granted in significant part, the Court in its discretion will reduce the fees awarded by 10%.").

Here, the Court elects to follow the latter approach and reduce Plaintiff's claimed hours by 10 percent to reflect Plaintiff's partial success. The Court finds that such a reduction and resulting 118.53 hours (90 percent of 131.7 hours, the sum of Mr. Huesman's 86.4 hours[6] and Ms. Fisher's 45.3 hours) are reasonable because (1) the discovery requests on which Plaintiff prevailed reflect plainly relevant and permissible requests concerning virtually all claims and core issues raised in this litigation (*see, e.g.*, 11/06/25 D&O 22-23, 29 (all communications relating to Plaintiff's Whistleblower Act claims); *id.* at 25-26 (any basis in fact or law in support of Defendants' position opposing Whistleblower Act award in *Carson Guam* action); *id.* at 28-29 (all materials in support of Defendants' affirmative defenses); (2) the Court's basis for denying Plaintiff relief as to the nine other discovery requests—namely, that Plaintiff is raising legal disputes not resolvable in

---

[6] It appears that Plaintiff's claimed figure of 86.5 hours—instead of 86.4 hours, derived from summing all of Mr. Huesman's billing entries and deducting the February 2, 2025 entry of one hour—is a typographical error. Plaintiff's final claimed lodestar figure, however, is $46,095.00, which figure appears to reflect the correct figure of 86.4 hours for Mr. Huesman.

discovery (*see id.* at 24, 27, 30)—does not detract from Plaintiff's qualitatively significant success in compelling Defendants to discharge their discovery obligations as to the overwhelming majority of the subject matter of this litigation (*see also id.* at 31); and (3) Defendants' own conduct triggered much of the work claimed by Plaintiff's attorneys since Plaintiff first served Defendants with the discovery requests in November 2024.

Therefore, the lodestar figure is 118.53 hours multiplied by the hourly rate of $350.00, or $41,485.50.

### 3. Further Adjustments

The Court finds that no further adjustments to the lodestar figure are necessary because all relevant *Kerr* factors[7] are subsumed in the above analysis, *Fischer*, 214 F.3d at 1119; *Morales*, 96 F.3d at 364 n.4, and the Court discerns no "other considerations" warranting further adjustment, *Morales*, 96 F.3d at 363 n.8. *See also Moreno*, 534 F.3d at 1116 ("If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut.").

## C. Form and Terms of Award

Plaintiff requests that the award be reduced to judgment, entered against Defendant Lizama in her official capacity and Defendant's counsel personally, and made payable within fourteen days of entry of judgment. (Pl.'s Mot. 2 & n.1.) Defendants do not specifically address Plaintiff's requests.

First, the Court declines to reduce the award to judgment. An order imposing monetary sanctions under Rule 37 of the Federal Rules of Civil Procedure "is immediately enforceable, and

---

[7] Namely, factors (1) (time and labor), (2) (novelty and difficulty of questions), (3) (skill), (5) (customary fee), (8) (amount involved and results obtained), and (9) (experience, reputation, ability of attorneys). *Kerr*, 526 F.2d at 70. The other *Kerr* factors largely concern post-judgment considerations in the civil rights litigation context that are not implicated by the award of fees after the grant of a motion to compel discovery.

a litigant may be held in contempt for failure to timely pay." *Hosp. Mgmt., Inc. v. Preferred Contractors Ins. Co.*, No. 3:18-cv-00452-YY, 2020 WL 8373395, at *1 (D. Or. Aug. 11, 2020) (citing *Sali*, 884 F.3d at 1221); *see also Cunningham*, 527 U.S. at 199 (explaining that to permit delay in the immediate enforceability of Rule 37(a) orders would contradict Rule 37(a)'s purposes and "undermine trial judges' discretion to structure a sanction in the most effective manner"). Thus, no judgment is necessary to create the enforceable obligation to pay the monetary award set forth herein. Furthermore, determining whether to reduce a sanctions award to judgment requires consideration of the circumstances surrounding collection of the award—*i.e.*, an additional procedural step toward collecting on the award that is separate and distinct from levying sanctions in an amount certain. *See Hoggatt v. Allstate Ins.*, 502 F. Supp. 3d 1110, 1114 (N.D. Miss. 2020) ("Relevant here, 'a sanctions award may be reduced to judgment if the sanctioned party has failed to pay the sanctions despite being provided an opportunity to do so.'" (quoting *Mass. Mut. Life Ins. Co. v. Williamson*, Nos. 4:15-cv-166- DMB-JMV & 4:15-cv-184-DMB-JMV, 2019 WL 7195318, at *3 (N.D. Miss. 2019))); *Moore v. Harris*, 600 F. App'x 201, 204-05 (5th Cir. 2015). As such, reducing the award to judgment would be premature at this juncture.

Second, as to the individuals liable for paying the award, Rule 37(a) of the Federal Rules of Civil Procedure authorizes the Court to "require the party . . . whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion [to compel]." Fed. R. Civ. P. 37(a)(5)(A). At this juncture, in view of Defendant Lizama being the individual who responded to Plaintiff's discovery requests on behalf of the Guam Department of Revenue and Taxation and the lack of a specific showing as to which individuals "advis[ed]" the discovery misconduct, *id.*, the Court will

hold Defendant Lizama in her official capacity, but not her counsel, liable for paying the award set forth herein.

Third, the Court will exercise its discretion and set thirty days from the issuance of this order as the time in which Defendants will pay Plaintiff. Should Defendant Lizama fail to pay in accordance with the terms of this order, Plaintiff remains free to seek other means of enforcement.

### III. CONCLUSION

Plaintiff's Motion for Attorneys' Fees (ECF No. 85) is GRANTED IN PART and DENIED IN PART. Rather than awarding the $46,095.00 requested by Plaintiff, the Court finds that $41,485.50 is the amount of reasonable expenses for Plaintiff's Motion to Compel under Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure. Furthermore, the Court DENIES WITHOUT PREJUDICE Plaintiff's request for fees-on-fees. Defendant Lizama is liable in her official capacity for paying Plaintiff $41,485.50 within thirty days of entry of this order.

IT IS SO ORDERED this 13th day of February, 2026.

RAMONA V. MANGLONA
District Judge